IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 24-mj-8124-WM

UNITED STATES OF AMERICA

v

CHRISTOPHER SCHWEIKART
_____/

**DEFENDANT CHRISTOPHER SCHWEIKART'S MOTION FOR PROTECTIVE ORDER TO PREVENT THE PALM BEACH COUNTY SHERIFF'S OFFICE / PALM BEACH COUNTY JAIL AND THE BUREAU OF PRISONS FROM RELEASING TO FEDERAL PROSECUTORS OR INVESTIGATORS CHRISTOPHER SCHWEIKART'S: (1) MENTAL HEALTH EVALUATIONS CONDCUTED BY THE PALM BEACH COUNTY SHERIFF'S OFFICE / PALM BEACH COUNTY JAIL AND THE BUREAU OF PRISONS; AND (2) VISITOR LOG ACCESS**

COMES NOW, Defendant, CHRISTOPHER SCHWEIKART ("SCHWEIKART"), through undersigned counsel, and pursuant to the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution, hereby moves this Court to issue an Order to the Palm Beach County Sheriff's Office ("PBSO"), which runs the Palm Beach County Jail ("PBCJ"), and the Bureau of Prisons ("BOP") that they: (1) not disclose to the prosecution any mental health evaluations conducted after Defendant's arrest on March 16, 2024, and both PBSO and BOP maintain such evaluations outside of SCHWEIKART's central inmate files.

1. Defendant was arrested on March 16, 2024, and charged by Criminal Complaint with First Degree Murder Within the Special Maritime or Territorial Jurisdiction of the United States, contrary to 18 U.S.C. 1111 [DE 1]. SCHWEIKART, according to the Penalty Sheet [DE 1, page 7], is facing a maximum punishment of the death penalty and a minimum term of life imprisonment.

2. The homicide in this case occurred at the Veterans Affairs Medical Center in

West Palm Beach ("VAWPB"), within the Southern District of Florida.

3. SCHWEIKART is currently housed in the PBCJ Mental Health Unit. During SCHWEIKART's intake process at the PBCJ and during his confinement in the PBCJ Mental Health Unit, his mental health observations, notes, reports, evaluations, information, and the like (collectively "Evaluations") are generated concerning SCHWEIKART's mental health.

4. It is customary, and almost routine, that inmates such as SCHWEIKART, who are facing the death penalty or who remain death eligible, will be transferred to the Administrative Maximum Facility in Florence, Colorado ("ADX"). This is BOP's most secure facility. As well, BOP may transfer SCHWEIKART to the Federal Detention Center Miami, or another facility for further mental health evaluations.

5. Although defense counsel for SCHWEIKART has not yet seen his evaluations, there is a high likelihood that such evaluations may be used against him. The PBCJ has an intake process wherein every new arrestee undergoes an intake conference wherein mental health issues are discussed. Obviously, the PBCJ has conducted evaluations while SCHWEIKART has been an inmate housed in the Mental Health Unit. As well, BOP policy mandates that before an inmate can be recommended for placement in what BOP calls a "control unit", such as ADX, a mental health evaluation must be conducted, and a report generated. *See* BOP Program Statements 5212.07.

6. Furthermore, once SCHWEIKART is moved from the PBCJ to BOP, he will be required to undergo additional mental health evaluations. Defense counsel

fears the PBCJ and BOP evaluations may be used in furtherance of obtaining a possible death sentence.

7. The prosecution has no legal right to examine the PBCJ and/or BOP evaluations. To date, all PBCJ and/or BOP evaluations have been conducted without notice to defense counsel and without notice the subject evaluations may be used against him in his pending case. There is no question that the prosecution would not be entitled to use the evaluations or any of SCHWEIKART's statements at a future trial on the question of either guilt or punishment. *Estelle v Smith*, 451 U.S. 454, 467-68 (1981). The subject evaluations implicate both Fifth and Sixth Amendment concerns. *Id*. at 465, 469-71, 473.

8. Federal Rule of Criminal Procedure 12.2 establishes the procedure for examinations that may be used at trial, which balances SCHWEIKART's constitutional right against compelled disclosure with fairness to the government when a defendant will seek to use the results of such evaluations. The purpose of F. R. Cr. P. 12.2 is to secure SCHWEIKART's Fifth Amendment right against self-incrimination.

9. It has been consistently recognized that the "qualitative difference between death and other penalties calls for a greater degree of reliability when the death penalty is imposed". *Lockett v Ohio*, 438 U.S. 586, 604 (1978).

10. It would violate fundamental fairness, due process, and equal protection if SCHWEIKART, and other similarly situated Defendants, are otherwise subject to statements during mental health evaluations that may compromise the

defendant's right against self-incrimination. Because SCHWEIKART faces a possible death sentence, the Court should ensure him heightened protections. The best and most efficient way to effectuate same is order the PBCJ and BOP to not disclose any evaluations to anyone affiliated with the prosecution or government investigators, including the Department of Justice, and the Department of Veteran Affairs Office of Inspector General Inspector General.

11. The possibility of a death sentence requires defense counsel to retain experts to adequately prepare for not only the guilty phase but also any potential penalty phase. Counsel must ensure that such experts have sufficient information to form credible opinions. Some of this evidence comes from SCHWEIKART himself. Should the government know of each visit by a member of the defense legal team, the government gains an unfair advantage and same will have a chilling effect upon defense preparation.

12. Defense recognizes that not all visitors are subject to this Motion. This Motion should only be applicable to members of the defense team and potential experts they may retain. This Motion does not seek to apply to general visitors.

13. Accordingly, SCHWEIKART requests this Honorable Court issue an order that sets forth the following protections:

    A. Absent further order of this Court, the PBCJ and BOP are prohibited from providing to federal prosecutors or investigators the original or copies of any information relating to mental health evaluations of SCHWEIKART conducted on or after March 16, 2024.

    B. Absent further order of this Court, the PBCJ and BOP be ordered not to

place any evaluation materials in SCHWEIKART "central inmate file".

C. Absent further order of this Court, the PBCJ and BOP be ordered not to disclose the existence of any such information regarding mental health evaluations of SCHWEIKART to federal prosecutors or investigators.

D. Absent further order of this Court, the PBCJ and BOP be ordered not to access SCHWRIKART'S visitor logs that contain members of the defense team and potential experts they may retain.

WHEREFORE, SCHWEIKART respectfully requests this Honorable Court Grant this Motion in its entirety, for the reasons set forth above.

## CERTIFICATE OF CENFERRAL

Counsel certifies he has personally provided a draft of this Motion and thereafter conferred with the Assistant U.S. Attorney Mr. Marton Gyires, Esq. Mr. Gyires advised the following: "The Government objects to this Motion but is open to further discuss the issues at the currently set hearing on April 2, 2024, to try and reach an agreement on some of the requests."

Counsel certifies a true & correct copy has been efiled into ECF on March 28, 2024.

GERSHMAN & GERSHMAN  
2160 W. Atlantic Avenue, Second Floor  
Delray Beach, FL 33445  
Telephone: (561) 684-8898  
robert@rglawfirm.us  
S//Robert Gershman  
ROBERT S. GERSHMAN  
Fla. Bar No. 917397  
*Attorney for Defendant*

EDWARD D. REAGAN, P.A.  
658 West Indiantown Road  
Jupiter, FL 33458  
Telephone: (561) 832-7443  
edward.d.reagan@gmail.com  
S//Edward Reagan  
EDWARD D. REAGAN  
Fla. Bar. No. 0028215  
*Attorney for Defendant*